# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 09-CR-12-LRR |
| vs. | | **ORDER** |
| KEVIN EUGENE LEE, | | |
| Defendant. | | |

The matter before the court is Defendant Kevin Eugene Lee's "Motion for Copy of a Portion of Co-Defendant's Presentence Investigative Report and Copy of Sealed Portion of Co-Defendant's Sentencing Transcript" ("Motion") (docket no. 150), filed on May 30, 2017. In the Motion, Defendant seeks the Offense Conduct Section of his co-defendant's PSIR and the sealed portion of his co-defendant's sentencing transcript. Defendant asserts these documents are "necessary for the Defense to advance a basis for . . . [a] departure and a downward variance." Brief in Support of Motion (docket no. 150-1) at 2. Defendant "submits that [he] has shown a 'special need'" for the documents requested. *Id*.

"PS[I]Rs are confidential reports created by an arm of the court and designed for use by a judge in reaching a fair sentence." *United States v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016) (citing *United States v. Dingle*, 546 F.2d 1378, 1381 (10th Cir. 1976)). "PS[I]Rs 'are not public and should not be disclosed to third persons absent a demonstration that disclosure is required to meet the ends of justice.'" *Id*. at 941 (quoting *United States v. McKnight*, 771 F.2d 388, 390 (8th Cir. 1985)); *see also United States v. Spotted Elk*, 548 F.3d 641, 672 (8th Cir. 2008) ("'[S]ome showing of special need' is required before a district court should release a PS[I]R to a third party." (quoting *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988))).

In the present case, Defendant has failed to show a special need because he can obtain the desired information from available sources. *See Spotted Elk*, 548 F.3d at 672 (affirming district court conclusion that the defendant "did not show a special need because [he] could obtain the necessary information about co-conspirators' offense characteristics, criminal history, and sentences from publicly available sources"). The defendants were charged in the same indictment, *see* Indictment (docket no. 1), and, because they were co-defendants, they have nearly identical offense conduct, which is evident from their respective sentencing hearings and other documents. For example, each PSIR includes references to a burglary which involved the theft of several firearms, *see e.g.* Second Revised Final PSIR (docket no. 142) ¶ 17, subsequent possession of the stolen firearms, *id*. ¶ 18, and a later robbery, *id*. ¶¶ 19-21. As expected, and unlike his co-defendant, Defendant's PSIR additionally includes the offense conduct detailed in paragraphs 22 and 23. *See id*. ¶¶ 22-23 (detailing Defendant's subsequent sale of two stolen firearms to a convicted felon in exchange for money and drugs). Defense counsel would have been provided relevant information regarding the underlying offense in discovery prior to Defendant's first sentencing. Defendant does not explain whether he has spoken to Defendant's former court appointed counsel or explain why the information included within the discovery file is inadequate.

Additionally, portions of the co-defendant's sentencing hearing transcript detail the offense conduct, criminal history and personal characteristics that the court found important in analyzing the sentencing factors. *See generally* Vance Sentencing Transcript (docket no. 132) at 5-6 (detailing the co-defendants sentencing enhancements, noting he was criminal history category III and granting acceptance of responsibility). Further, the court made an extensive record at Defendant's first sentencing. As Defendant notes, the sentencing transcript highlights differences between the co-defendants, including "Defendant's trafficking of firearms, use of a minor, leadership role, and denial of

2

acceptance of responsibility." Brief in Support of Motion at 2; *see also* Second Revised Final PSIR ¶¶ 36 (enhancing Defendant's offense level by four points for trafficking firearms), 41 (enhancing Defendant's offense level by two points because he was an organizer, leader, manager or supervisor), 42 (enhancing Defendant's offense level by two points because he used or attempted to use a minor to commit the offense); Sentencing Transcript Vol. II (docket no. 116) at 12 (denying acceptance or responsibility and noting Defendant was criminal history category VI).

Given Defendant's access to discovery materials and the reasons stated at the sentencing hearings, he has failed to demonstrate that the publicly available sources of information are inadequate. Therefore, the court concludes that Defendant has failed to establish the requisite need for disclosure of his co-defendant's PSIR or the sealed portions of the sentencing transcript. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 31st day of May, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA